BARRETT v. PALMER et al.

(*City Court of Brooklyn, General Term.*    October 26, 1891.)

1. LANDLORD AND TENANT—EJECTION OF SUBLESSEE—DAMAGES.
   In an action against a lessee for the wrongful eviction of a sublessee, damages are allowable for loss of possession for a period after expiration of the term of the original lease, where such lease provided for a renewal, which was in fact procured by the assignee thereof with knowledge of the sublessee's rights.

2. LAND CEDED TO THE UNITED STATES—JURISDICTION.
   Const. U. S. art. 1, § 8, which provides that "the congress shall have power to exercise exclusive legislation, in all cases whatsoever, * * * over all places purchased by consent of the legislature of the state in which the same shall be for the erection of forts," etc., does not apply to lands acquired otherwise than by purchase.

3. STATE AND FEDERAL COURTS—CONFLICTING JURISDICTION.
   Laws N. Y. 1853, c. 355, § 1, cedes to the United States jurisdiction over certain lands "for the uses and purposes of a navy-yard and naval hospital," and section 4 reserves to the state jurisdiction of the premises if they are not used for these purposes. The United States leased these lands to the city of Brooklyn for market purposes. *Held*, that the state courts have jurisdiction of actions growing out of disputes between the city's lessees.

Appeal from trial term.

Action by Mary H. Barrett against William H. Palmer and Adolph Droste for the wrongful eviction of plaintiff from leased premises. There was judgment for plaintiff, and defendants appeal.

Argued before VAN WYCK and OSBORNE, JJ.

M. L. Towns, for appellants. Hirsh & Rasquin, for respondent.

VAN WYCK, J. The United States government on October 28, 1884, leased to the city of Brooklyn a certain tract of land for market purposes, and now known as the "Wallabout Market." The city of Brooklyn on October 7, 1887, leased a part thereof for the same purpose to defendant Palmer, for the term of two years, with the right to renew the same. Palmer, in February, 1889, leased a part of the premises so let to him to the plaintiff for the same purpose for the term of two years. Plaintiff took possession thereof, and constructed market stands thereupon. It is admitted that the premises in question were a part of the land referred to in Laws N. Y.

1853, c. 355. But there is no evidence to show how the United States acquired any title thereto or became the owner thereof. The act of 1853 merely cedes the jurisdiction of the state over these lands to the United States, with certain reservations. It does not cede the lands or the title thereto. The defendants, in April, 1889, ejected plaintiff, who had paid the rent up to July, 1889, from the premises, and converted her personal property, and have kept possession thereof ever since. This action is brought to recover damages for such wrongs. The jury rendered a verdict for $1,520, and from the judgment entered thereupon, and order denying a new trial, the defendants appeal. It is urged that the court erred in permitting the jury to consider, in estimating damages, loss of possession of premises after October 9, 1889, the date of expiration of Palmer's lease from the city. There is no exception that raises such question, and one of the defendants requested the court to take into consideration loss of possession for a period of 13 months following that date. But, assuming that there was such an exception taken, it could avail the defendants nothing, for this lease to Palmer gave him the right of renewal, and Droste, his assignee, with notice of plaintiff's rights, did actually receive such renewal from the city. The only exception called to our attention that we deem necessary to further consider is that this court had no jurisdiction of this cause of action, because the acts of trespass complained of occurred upon territory over which chapter 355, Laws N. Y. 1853, ceded jurisdiction to the United States. Article 1, § 8, Const. U. S., is invoked to sustain the contention. It provides "that congress shall have power to exercise exclusive legislation in all cases whatsoever * * * over all places purchased by consent of the legislature of the state in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings." . There is nothing to show that these lands were purchased by the United States, and it has been expressly held if they were not, however else they were acquired, this constitutional provision does not apply. *Railroad Co.* v. *McGlinn,* 114 U. S., 542, 5 Sup. Ct. Rep. 1005; *Railroad Co.* v. *Lowe,* 114 U. S. 525, 5 Sup. Ct. Rep. 995. In these cases the court also decides that, if the lands are not so acquired by the United States, the following general principle will apply: That, when legislative power over territory is transferred by one sovereign to another, the then existing laws of the territory "continue in full force [till abrogated by congress] * * * to so much thereof as is not used by the United States for its forts, buildings, and other needful purposes of the federal government." The lands leased to the city of Brooklyn are not used for any such purposes. Congress has not abrogated the laws of the state in this case. Jurisdiction of this cause of action has not been given to either United States circuit or district court. Fost. Fed. Pr. 1890, p. 21, § 15; Id. p. 34, § 25. This plaintiff can appeal for relief to no other tribunal than the state court. It is further held that reservations are valid in a state act ceding jurisdiction to the United States over lands acquired otherwise than by purchase with the consent of the legislature. It does not appear that these lands were so acquired. Section 4, c. 355, Laws 1853, reserves to the state jurisdiction, if the premises are not used for the purposes for which jurisdiction is ceded. Section 1 recites the cession to be for "the uses and purposes of a navy-yard and naval hospital." The lands in question in this action have been let expressly to the city of Brooklyn for "market purposes." For these reasons we have concluded that this court has jurisdiction of this cause of action. We think the judgment and order ought to be affirmed, with costs.